**GILL v. STOLOW et al.**

United States District Court
S. D. New York.
July 16, 1954.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiff.

Joseph F. Minutolo, New York City, for defendants.

DAWSON, District Judge.

A motion and a cross motion in the same action have been presented. The motion brought by the plaintiff seeks to suppress part of a deposition taken in Germany. The cross motion by the defendant seeks an order compelling the plaintiff to take the depositions of two witnesses in Tel Aviv, Israel, on interrogatories which have already been agreed upon or, in the alternative, for an order permitting the defendant to take the depositions of these witnesses on such written interrogatories.

There has been submitted, in support of the motion for the suppression of part of a deposition, a complete transcript of the deposition which was taken on written interrogatories before a Vice Consul of the United States in Duesseldorf, Germany. Thirty-one interrogatories were submitted, and each was answered by the witness. At the conclusion of the deposition, but before the signatures of the witness and the Vice Consul, there appears a statement of the Vice Consul in which the Vice Consul says that the witness, during the questioning, referred constantly to a copy of the interrogatories which he stated had been furnished to him by another individual and on which he had entered comments in longhand, and that he referred frequently to a piece of paper on which he had jotted down certain dates and facts. The statement further says that the witness, immediately prior to the interrogation, stated that he had been involved in an automobile accident several years ago and that thereafter, he developed a con-

dition which now causes an occasional lapse of memory; that the witness interrupted the questioning at one point to eat hazel nuts and drink a glass of water, and that he stated it was always necessary for him to eat something when he becomes nervous.

It is to be noted that these comments were comments of the Vice Consul offered gratuitously and were not in answer to any of the interrogatories. Since the deposition was taken on written interrogatories, it was not possible for the parties to interrogate the witness concerning the matters which were commented upon in this statement by the Vice Consul.

■ The Rules do not permit the officer before whom the deposition is taken to add his own gratuitous comments on the demeanor of the witness or on answers or statements made by the witness other than those included in the written interrogatories. Fed.Rules Civ. Proc. rules 31(b) and 30(c), (e), and (f), 28 U.S.C.A. The motion to suppress such part of the deposition as consists of the aforementioned statements of the Vice Consul is granted.

The defendant, in support of the cross motion, shows that a stipulation has heretofore been entered into between the parties for the taking of the depositions, by the plaintiff, of two witnesses in Tel Aviv, Israel, on interrogatories submitted by the plaintiff and agreed to by the defendant. The defendant now asserts, and it is undisputed, that the plaintiff has determined not to proceed with the taking of the depositions of these witnesses, and seeks an order compelling the plaintiff to take the depositions of these witnesses or, in the alternative, to permit the defendants to take the depositions of these witnesses at its own expense and on the same interrogatories.

The plaintiff asserts that since the interrogatories were agreed upon, facts have come to his attention which lead him to believe that the witnesses will not truthfully answer the interrogatories. The plaintiff is willing to allow the defendant to take the depositions of such witnesses provided that—

(1) plaintiff be accorded the right of oral cross examination at his own expense; or

(2) that the depositions be taken orally in Tel Aviv with both parties sharing the expense; or

(3) that the witnesses be examined orally in this Country, with both parties sharing the expense.

■ Although the parties have stipulated for the taking of the depositions of these witnesses in Tel Aviv on written interrogatories agreed upon between them, there is no reason why the Court should compel the plaintiff to take these depositions on these interrogatories if the plaintiff no longer wishes to do so. The defendant may, of course, take the depositions of these witnesses on these interrogatories if it wishes to do so but, under the circumstances, the plaintiff should be afforded the right to submit additional interrogatories or cross interrogatories.

If the plaintiff is not willing at the present time to take the depositions of these witnesses on written interrogatories and cross interrogatories, but insists on the right of oral examination, he should have the right to such oral examination but, under those circumstances, he should pay the expense of the attendance at the place where the deposition is to be taken of one attorney for the adversary parties, including a reasonable counsel fee. S.D.Civil Rule 4.

Submit orders upon two days' notice.